**FILED**

**March 9, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**Sharon Keene,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0210** (Morgan County CC-33-2021-D-AP-1)

**Warren Keene,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Sharon Keene appeals the February 9, 2021, order of the Circuit Court of Morgan County denying her appeal from the January 11, 2021, order of the Family Court of Morgan County that, in pertinent part, directed petitioner to provide Respondent Warren Keene with certain personal property. Respondent did not file a response.[1]

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are divorced. In *Keene v. Keene*, No. 20-0539, 2021 WL 2580669 (W. Va. Jun. 23, 2021) (memorandum decision), this Court rejected petitioner's challenge to the equitable

---

[1]Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, we assume that the respondent agrees with petitioner's view of the issue. However, we decline to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991) (holding that we will accept a party's concession only after a proper analysis shows that it is correct).

1

distribution of marital property ordered by the Morgan County Family Court and affirmed the Morgan County Circuit Court's denial of her appeal from the family court's final divorce order. *Id.* at *2-3.

On October 8, 2020, respondent filed a contempt petition in the family court alleging that petitioner had not complied with the equitable distribution. Relevant here, respondent alleged that petitioner failed to give him all of his personal property. Following a January 6, 2021, hearing, the family court, by order entered on January 11, 2021, found that a .22 rifle, a pair of jumper cables, and a case of twelve CDs belonged to respondent but were still in petitioner's possession. Accordingly, the family court directed petitioner to return those items to respondent within ten days of its order.

Petitioner appealed the family court's January 11, 2021, order to the circuit court. The circuit court, by order entered on February 9, 2021, found that petitioner disputed respondent's ownership of the three items claimed by him, which was the "only . . . ground on which her appeal [was] based." However, the circuit court found that, at the January 6, 2021, family court hearing, "[p]etitioner never disputed that the personal property . . . belong[ed] to . . . [r]espondent," and "she agreed to look for the items and return them to . . . [r]espondent." Accordingly, the circuit court denied petitioner's appeal.

Petitioner now appeals the circuit court's February 9, 2021, order denying her appeal from the family court's January 11, 2021, order. In reviewing a circuit court order denying an appeal from a family court order, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which [she] complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

In her brief to this Court on appeal, petitioner seeks to relitigate the family court's equitable distribution order. We decline to review that issue as we previously rejected petitioner's challenge to the same. *Keene*, 2021 WL 2580669, at *2.

To the extent that petitioner challenges the circuit court's findings in the order currently on appeal, that, at the January 6, 2021, family court hearing, she did not dispute that the items belonged to respondent and agreed to return them to him, we are unable to review those findings due to the lack of either a recording or a transcript of that hearing in the appellate record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we reasoned that this Court must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to

2

give factual support to the claim." Accordingly, pursuant to Syllabus Point 2 of *Perdue*, we conclude that petitioner cannot show that the circuit court erred in denying her appeal from the family court's January 11, 2021, order.

For the foregoing reasons, we affirm the circuit court's February 9, 2021, order denying petitioner's appeal from the family court's January 11, 2021, order.

Affirmed.

**ISSUED:**   March 9, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

3